Dear Mr. Pitre:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the St. Landry Parish Solid Waste Disposal District ("District"), you have asked for our opinion on whether the District may continue paying the health insurance premiums for those employees who retire from the District with a minimum of twenty-five (25) years of employment.
As indicated in your request, the District is a body politic created by Act No. 289 of the 1980 Regular Session of the Louisiana Legislature and amended by Act No. 642 and 1249 of the 1984 and 1999 Regular Session of the Louisiana Legislature.
As a political subdivision, the District is free to "make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision". See La.Rev.Stat. 33:5151.
In Attorney General Opinion No. 97-234 we recognized that under La.Rev.Stat. 33:5151, the term employee is not defined to include "retiree" so as to be placed in the same class as active employees. Accordingly, we concluded that a political subdivision is under no duty to pay or contribute toward the health insurance premiums of its retirees the amount it pays or contributes toward the premiums of its active employees. See Attorney General Opinion Nos. 04-0131, 98-456. However, at no point did we declare such payments to be prohibited.
In fact, in Attorney General Opinion No. 95-152, we stated the following:
 [u]nder R.S. 42:821 and 42:851 the state and its governmental sub-divisions are authorized to procure contracts of insurance for group life, *Page 2 
accidental death and dismemberment and health covering their "employees, officials, and department heads, or any class or classes thereof, and the dependents of such * * *". R.S. 42:853 provides that the term employees, shall include former employees who are retired.
 Previously this office was asked whether public funds could be used to pay the hospitalization and life insurance premiums of retired employees of the assessor's office, and it was concluded retired public employees were included within the authorized uses of public funds contemplated by the exceptions of Art. VII, Sec 14B that permits public funds to be expended for retirement and insurance programs for public employees. Thus, the payment of life insurance premiums as well as health or hospitalization insurance was approved for retired public employees. Atty. Gen. Op. No. 90-131.
This office has long recognized that all or any portion of group health insurance premiums may be paid by a political subdivision for its employees, elected officials and retirees without violating the constitutional provision that prohibits donation of public funds. See Attorney General Opinion Nos. 00-203, 99-149, 97-234, 94-448, 94-316, and 92-547. Accordingly, it our opinion that the District may continue to pay the health insurance premiums for those employees who retire from the District.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:______________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt